DAVIL VASQUEZ, ESQ. (SBN 140418)
**ADELSON, TESTAN, BRUNDO, NOVELL & JIMENEZ**
1851 East First Street, Suite 100
Santa Ana, CA 92705
Telephone: 714-245-8888
Fax No.: 714-245-8880

Attorneys for Plaintiff
NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, a Pennsylvania Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA; UNITED STATES COAST GUARD; DEPARTMENT OF HOMELAND SECURITY,<br><br>Defendants. | Case No.:<br><br>**COMPLAINT FOR DAMAGES UNDER THE FEDERAL TORT CLAIMS ACT**<br><br>28 U.S.C. §§1346(b)(1), 2674. |

COMES NOW NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, a Pennsylvania corporation, for causes of action against Defendants, and each of them, and herein alleges, based on information and belief:

### JURISDICTION & VENUE

1. This Action is brought pursuant to the Federal Tort Claims Act, (28 U.S.C. §2671, *et seq.*) and 28 U.S.C. §1346(b), against the United States of America and its agencies, the United States Coast Guard, and Department of Homeland Security, which vests exclusive subject matter jurisdiction of Federal Tort Claims litigation in the Federal District Court.

2. The Claims brought herein against Defendants pursuant to the Federal Tort Claims Act, (28 U.S.C. §2671, *et seq.*) and 28 U.S.C. §1346(b), for money damages as compensation for past,

present and future liability for workers' compensation benefits paid and payable caused by Defendants' negligence.

3. Venue is proper in the Northern District of California pursuant to 28 U.S.C. §§ 1391(b)(1) and/or 1391(b)(2), as well as 28 U.S.C. §1391(e)(1), because the United States is a defendant and a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

4. Plaintiff has fully complied with the provisions of 28 U.S.C. §2675 of the Federal Tort Claims Act.

## NATURE OF THE ACTION

5. Based on information and belief, the incident that gives rise to this complaint occurred at or near the premises of the United States Coast Guard base located at Treasure Island, California. Venue is proper under 28 U.S.C. §§1391(b)(1) and/or 1391 (b)(2), as well as 28 U.S.C. §(e)(1), because the United States is a Defendant and a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

6. At all times mentioned herein, DONTE GREEN, who is sometimes referred to herein as the Employee, was acting during the course and scope of his employment with Green Planet 21, sometimes referred to herein as the Employer. Green Planet 21, Inc.'s claims administering agent was and is Gallagher Bassett Services, Inc. At the time of the subject incident, Green Planet 21, Inc. possessed workers' compensation insurance through Plaintiff, National Union Fire Insurance Co. of Pittsburgh ("National").

7. Pursuant to California Labor Code Sections 3850 through 3865, Plaintiff is subrogated to the rights of the Employee, Donte Green.

8. On or about May 14, 2014, Donte Green, during the course and scope of his employment, was driving a truck on a road located at the subject United States Coast Guard base when a metal plate in the road collapsed under the vehicle, causing injuries to Mr. Green.

9. The defendants, and each of them, negligently owned, operated, maintained, repaired, modified, supervised, controlled, managed, and patrolled, in all respects, the land upon which the site is located, so that as a sole, direct and proximate result, Donte Green suffered personal and industrial injuries that reasonably required medical care, and caused Donte Green to further suffer

temporary and permanent disabilities, loss of earnings and earning capacity, pain, suffering, and other general and special damages all falling within this Court's jurisdiction.

10. As a sole, direct and proximate result of the negligent and unlawful acts and omissions of the defendants, and each of them, including United States of America, Department of Homeland Security, United States Coast Guard, and DOES 1 through 100, Plaintiff National Union Fire Insurance Company of Pittsburg, Pa., paid and will pay in the future various species of workers' compensation benefits to, and for the benefit of Donte Green (Green), the employee of Plaintiff's insured, Green Planet 21, Inc. (a subsidiary of Presidio Insurance, Ltd.), which benefits were by and through their claims administrator, Gallagher Bassett Services, Inc., as a sole, direct and proximate result of the personal and industrial injuries and disabilities suffered by Green while working for Green Planet 21, Inc."

11. No act or omission attributable or imputable to Plaintiff or Green Planet 21 legally caused or contributed to the incident, or the resulting injuries and damages, alleged herein.

## **PARTIES**

12. Plaintiff National Union Fire Insurance Company of Pittsburg, Pa., is a Pennsylvania corporation authorized to do business in the state of California.

13. At all relevant times, defendant, the United States of America, acted through its agencies, the United States Coast Guard and Department of Homeland Security.

14. At all relevant times herein mentioned, defendants, and each of them, and their aggregates, corporates, associates, and partners, and each of them, were the agent, servant, employee, assignee, permissive user, successor in interest or joint venture of each other, and were acting within the time, purpose, course and scope of such relationship.

15. At all relevant times herein mentioned, defendants, and each of them, and their aggregates, corporates, associates, and partners, and each of them, were the agent, servant, employee, assignee, permissive user, successor in interest or joint venture of each other, and were acting within the time, purpose, course and scope of such agency or permission; and all acts or omissions alleged herein of each such defendant were authorized, adopted, approved, or ratified by each of the other defendants.

COMPLAINT FOR DAMAGES

## STATUTORY BASIS OF LIABILITY AGAINST
## THE UNITED STATES OF AMERICA

16. This case is brought against the United States of America pursuant to 28 U.S.C. §2671 *et seq.*, commonly referred to as the "Federal Tort Claims Act". Liability of the United States of America is predicated specifically on 28 U.S.C. §§1346(b)(1) and 2674 because the damages that form the basis of this complaint were proximately caused by the negligence, wrongful acts and/or omissions of employees of the United States of America through its agencies, the United States Coast Guard and Department of Homeland Security. These employees were acting within the course and scope of their office or employment, under circumstances were the United States of America, if a private person, would be liable to the Plaintiff in the same manner and to the same extent as a private individual under the laws of the State of California.

17. Pursuant to 28 U.S.C. §2675, an administrative claim was presented to the appropriate agency of Defendant, the United States of America, namely the United States Coast Guard, for the claims of Plaintiff. On July 5, 2016, said Defendant denied Plaintiff's claim. Accordingly, Plaintiff files this action against these defendants in order to obtain compensation for past, present and future liability for workers' compensation benefits paid, and payable, by reason of the industrial injuries suffered by Employee Donte Green.

## FIRST CAUSE OF ACTION-NEGLIGENCE
### (Against All Defendants)

18. Plaintiff incorporates by reference paragraphs 1-17, inclusive, and each and every prior and subsequent allegation as though fully set forth herein.

19. Defendants, and each of them, owed Employee Donte Green a duty to maintain a safe work environment.

20. Defendants breached this duty to Mr. Green by failing to maintain the premises for safe and ordinary use by workers on the site. Specifically, Defendants allowed a dangerous condition to exist on the roadway located at the subject United States Coast Guard base in the form of a metal plate which Defendants intended to be driven over by vehicles upon the roadway. Mr. Green was lawfully driving his vehicle on the subject roadway during the course and scope of his

employment. As Mr. Green's vehicle drove upon the metal plate, it suddenly collapsed into a hole causing Mr. Green's truck to collide with the hole. The sudden impact caused Mr. Green's body to strike the inside of his vehicle and resulted in physical injuries to Mr. Green.

21. As a further, sole, direct and proximate result of the unlawful acts and omissions of the defendants, and each of them, Plaintiff sustained damages in the form of past, present and future liability for workers' compensation benefits paid, and payable, by reason of the industrial injuries suffered by Employee Donte Green. Plaintiff's damages as of the date of the filing of this complaint fall within this Court's jurisdiction.

22. Defendants' breach of the duty of care owed to Donte Green was an actual and proximate cause of the harm he suffered.

23. Defendants' breach of the duty of care owed to Donte Green was an actual and proximate cause of damages suffered by Plaintiff.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, National Union Fire Insurance Company of Pittsburgh, Pa., does hereby pray for judgment against Defendants, and each of them, as follows:

1. For monetary damages sufficient to fully and reasonably compensate for all damages caused by the Defendants' tortious actions and inactions, as alleged herein;

2. For reasonable attorney fees;

3. For Plaintiff's allowable costs of suit;

4. For any prejudgment interest to which Plaintiff may be entitled under California law; and

5. For such other and further compensation and relief as the court may deem just and proper.

Dated: January 3, 2017

**ADELSON, TESTAN, BRUNDO, NOVELL & JIMENEZ**

_____
Davil Vasquez, Esq.
Attorneys for Plaintiff,
NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, PA

COMPLAINT FOR DAMAGES